IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID A. THOMAS, | |
| Plaintiffs, | No. C 13-02065 JSW |
| v. | |
| WELLS FARGO BANK, N.A., et al., | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |
| Defendants. | |

Now before the Court is the motion to dismiss filed by defendant Wells Fargo Bank, N.A ("Wells Fargo"), as the successor in interest to Wachovia Mortgage FSB, as well as Wells Fargo's motion to expunge.[1] The Court has considered the parties' papers and the relevant legal authority, and hereby grants Wells Fargo's motion to dismiss and motion to expunge.[2]

**BACKGROUND**

On April 26, 2013, Plaintiff David A. Thomas ("Plaintiff") filed a complaint in Alameda Superior Court, challenging Wells Fargo's attempts to foreclose on his residence located at 19500 Mount Jasper Drive, Castro Valley, California 94552 (the "Property"). On May 6, 2013, Wells Fargo removed the action to this Court.

This action is related to two actions previously filed by Plaintiff. In the complaints in the related actions, Plaintiff alleged that between March and June of 2008, Wachovia sold the note on the Property to "unsuspecting investors in mortgage-back securities and collateralized

---

[1] Defendant NDeX West, LLC ("NDeX") filed a notice of joinder in Wells Fargo's motion to dismiss.

[2] The Court GRANTS Wells Fargo's Requests for Judicial Notice. *See* Fed. R. Evid. 201.

1  debt obligations." Based on this conduct, Plaintiff alleged that Wells Fargo was not the lender
2  or beneficiary of the loan and, thus, was not entitled to foreclose on the Property. Plaintiff
3  sought to challenge the notice of default and the default proceedings through claims for
4  cancellation of instruments, violation of California Civil Code § 2924 and violation of
5  California Business and Professions Code § 17200. Plaintiff also asserted accounting claims.
6  He alleged that because the note had been sold into a mortgage backed securities pool, Wells
7  Fargo was not the beneficiary entitled to demand payment. Because, according to Plaintiff,
8  Wells Fargo did not have a right to obtain and keep his mortgage payments, Plaintiff sought an
9  accounting to settle the accounts of the parties.

10 In both of the related cases, Plaintiff voluntarily dismissed the actions after the Court
11 granted motions to dismiss and provided him leave to amend. Plaintiff's current complaint still
12 contends that the foreclosure was not proper. Although Plaintiff does not mention securitization
13 in his most recent complaint, he makes clear that he has not abandoned his claims "based on the
14 failed securitization of this (*sic*) his loan…." (Opp. at 4.) In his most recent complaint,
15 Plaintiff's alleges that the documents relating to the assignments of the deed of trust and the
16 substitution of trustee were false and fraudulent, and that therefore, Wells Fargo and NDeX did
17 not have the authority to foreclose on Plaintiff's property.

18 The Court will address additional facts as necessary in the remainder of this Order.

## ANALYSIS

### A.   Applicable Legal Standards for Motion to Dismiss.

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. The complaint is construed in the light most favorable to the non-moving party and all material allegations in the complaint are taken to be true. *Sanders v. Kennedy,* 794 F.2d 478, 481 (9th Cir. 1986). The Court may consider the facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint, when the authenticity of those documents is not questioned, and other matters of which the Court can take judicial notice. *Zucco Partners LLC v. Digimarc Corp.*, 552 F.3d 981, 990 (9th Cir. 2009).

2

Federal Rule of Civil Procedure 8(a) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Even under Rule 8(a)'s liberal pleading standard, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. ... When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 556-57) (internal quotation marks omitted).

**B.     Wells Fargo's Motion to Dismiss.**

    **1.     Plaintiff's Prior Dismissals Operate as an Adjudication on the Merits.**

Wells Fargo argues that Plaintiff's instant action is precluded by Federal Rule of Civil Procedure 41(a)(1)(B) ("Rule 41") because his prior voluntary dismissals in the related actions operate as an adjudication on the merits. Rule 41 provides that "if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits." Fed. R. Civ. P. 41(a)(1)(B). This provision is referred to as the "two-dismissal rule."

Although neither the Supreme Court nor the Ninth Circuit has specifically addressed the meaning of "same claims" for the purposes of Rule 41(a)(1)(B), the Ninth Circuit has analogized the Rule 41 two-dismissal rule to the res judicata inquiry. *See Commercial Space Management Co., Inc. v. Boeing Co., Inc.*, 193 F.3d 1074, 1080 (9th Cir. 1999); *see also Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Dev. Corp.*, 933 F.2d 724, 728 (9th Cir.

3

1991). Accordingly, in determining whether Rule 41 bars Plaintiff's action here, the Court considers whether Plaintiff's claims are the same as those in the related actions under the res judicata analysis. "Res judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (citation omitted).

In determining whether two claims are the same, the Ninth Circuit employs the following criteria: "(1) whether the rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right, and (4) whether the two suits arise out of the same 'transaction.'" *Nordhorn v. Ladish Co.*, 9 F.3d 1402, 1405 (9th Cir. 1993) (internal quotation marks and citation omitted). "The central criterion in determining whether there is an identity of claims between the first and second adjudications is whether the two suits arise out of the same transactional nucleus of facts." *Owens*, 244 F.3d at 714 (internal quotation marks and citation omitted).

In all three actions, Plaintiff is challenging Wells Fargo and NdeX's authority to foreclose on the Property. Plaintiff does not even argue that the claims in the instant action would not be precluded under a res judicata analysis.

In the Order granting the motion to dismiss and providing Plaintiff with leave to amend in the second related order, the Court stated that the leave to amend was "the **final opportunity** the Court will provide Plaintiff to allege claims that are not preempted by HOLA. If Plaintiff again voluntarily dismisses this action and files another action in state court based on the same underlying facts, the Court will count this as Plaintiff's attempt to amend his claims and will not provide Plaintiff with another opportunity after that." (*Thomas v. Wells Fargo Bank, N.A.*, Case No. 12-2458, Docket No. 36.) (emphasis in original).

Plaintiff's only argument in opposition to dismissal pursuant to Rule 41 is that the Court's prior order in the related case expressly authorized the instant action. According to Plaintiff, the Court's prior order "expressly states that dismissal of the action would not be considered an adjudication on the merits because the court would view any subsequently filed

4

1 action to be the equivalent to an amendment of the complaint under consideration in the prior
2 case." (Opp. at 8.) However, the prior order did not mention or in any way address the effect
3 of the two-dismissal rule. The Court was primarily concerned with Plaintiff's prior efforts to
4 avoid the impact of the Court's orders by voluntarily dismissing his action and then re-filing in
5 state court. The Court's language was merely a clarification of the leave to amend and that the
6 leave would not be never ending.

7 The language of Rule 41 is direct and explicit. It states that "if the plaintiff previously
8 dismissed any federal- or state-court action based on or including the same claim, a notice of
9 dismissal operates as an adjudication on the merits." Fed. R. Civ. P. 41(a)(1)(B). Rule 41
10 "does not consider the plaintiff's reasons for seeking a voluntary dismissal." *Lake at Las Vegas*
11 *Investors Group*, 933 F.2d at 727. When a plaintiff unilaterally dismisses prior actions, "[t]he
12 Rule does not require an inquiry into the circumstances of the two dismissals." *Id*. Therefore,
13 the Rule does not to provide the Court with any discretion to avoid the impact of the two-
14 dismissal rule based on the Plaintiff's understanding or motivation in dismissing the second
15 action. Because this action concerns the same underlying facts as the prior two related actions –
16 challenging the authority of Wells Fargo and NDeX to foreclose on the Property – the Court
17 finds that the two-dismissal rule bars this third action.

18 **2. Failure to State a Claim.**

19 Assuming *arguendo* that this third action is not barred by Rule 41, Plaintiff's complaint
20 shall be dismissed for an additional, independent reason – Plaintiff fails to state a claim.
21 Plaintiff appears to try to plead around the Court's prior rulings in the related cases, that
22 Plaintiff's claims premised on securitization are preempted by the Home Owners Loan Act.
23 Plaintiff's claims are now primarily premised on the alleged fact that Wachovia Mortgage, FSB,
24 the originator of Plaintiff's mortgage, never assigned the deed of trust to Wells Fargo.
25 Therefore, according to Plaintiff, Wells Fargo was not the beneficiary and it had no authority to
26 direct NDeX to invoke the power of sale or declare Plaintiff in default. (Compl., *e.g.*, ¶¶ 3.2,
27 3.3, 3.4, 3.6, 3.7, 4.4, 4.7, 4.10.)

28 However, based upon the judicially noticeable documents, Wachovia merged with Wells

5

1 Fargo. (Request for Judicial Notice, Exs. 3, 4.) Wells Fargo is thus the successor-in-interest to
2 Wachovia and there was no need for an assignment. *See e.g., Lindberg v. Wells Fargo Bank*
3 *N.A.*, 2013 WL 3457078 (N.D. Cal. July 9, 2013); *Ventimiglia v. Wells Fargo Bank, N.A.*, 2013
4 WL 3367330, *2 (E.D. Cal. July 5, 2013); *Mullins v. Wells Fargo Bank, N.A.*, 2013 WL
5 2318879, *11 (E.D. Cal. May 28, 2013); *Logvinov v. Wells Fargo Bank*, 2011 WL 6140995, *2
6 (N.D. Cal. Dec. 9, 2011). Therefore, even if this action were not barred by Rule 41, Plaintiff
7 does not have any valid claims. Accordingly, the Court grants Wells Fargo's motion to dismiss.

### C. Wells Fargo's Motion to Expunge.

Wells Fargo moves to expunge the *lis pendens* recorded by Plaintiff on the grounds that he cannot establish the probable validity of a real property claim. The California *lis pendens* statute requires the trial court to expunge the *lis pendens* if the "claimant has not established by a preponderance of the evidence the probable validity of the real property claim." Cal. Code Civ. Proc. § 405.32. The statute defines "probable validity" to mean that "it is more likely than not that the claimant will obtain a judgment against the defendant on the claim." *Id.* § 405.32. Plaintiff has not filed an opposition to the motion to expunge. As discussed above, the Court finds that Plaintiff's claims are barred by Rule 41 and that he has not stated any valid claims. Accordingly, Plaintiff has not demonstrated the probable validity of his real property claims. Therefore, the Court grants Wells Fargo's motion to expunge.

Wells Fargo also moves to recover its attorneys' fees and costs in bringing the motion to expunge pursuant to California Code of Civil Procedure § 405.38. Section 405.38 provides: "The court shall direct that the party prevailing on [a motion to expunge *lis pendens*] be awarded reasonable attorneys' fees and costs of making or opposing the motion unless the court finds that the other party acted with substantial justification or that other circumstances make the imposition of attorneys' fees and costs unjust." Cal. Code of Civ. Proc. § 405.38.

Wells Fargo notified Plaintiff that it intended to move to dismiss the complaint and to expunge the *lis pendens* and provided Plaintiff with an opportunity to withdraw the *lis pendens*. Plaintiff refused to do so. (Declaration of Leigh O. Curran, ¶¶ 2-4.) Moreover, Plaintiff did not oppose the motion to expunge and, therefore, failed to demonstrate that he acted with

6

substantial justification or that other circumstances make the imposition of attorneys' fees and costs unjust. Accordingly, the Court grants Wells Fargo's request for attorneys' fees and costs.

However, in the absence of any opposition brief and reply regarding the motion to expunge, Wells Fargo has only demonstrated that its attorney spent two hours in preparing and filing the motion to expunge and the supporting documents. Wells Fargo did not demonstrate that it expended any costs related to this motion. Therefore, at $320 an hour, the Court hereby awards Wells Fargo $640 in attorneys' fees.

Pursuant to California Code of Civil Procedure § 405.36, now that the Court has expunged the *lis pendens*, Plaintiff may not file another *lis pendens* with respect to the property at issue without leave of Court.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Wells Fargo's motion to dismiss with prejudice and Wells Fargo's motion to expunge. Within thirty days from the date of this Order, Plaintiff shall pay to Wells Fargo $640 in attorneys' fees.

**IT IS SO ORDERED.**

Dated: September 23, 2013

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE