UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAVID A THOMAS,

        Plaintiff(s),

    v.

WELLS FARGO BANK NA,

        Defendant(s).
_____/

No. C-13-02065 DMR

**REPORT AND RECOMMENDATION RE: WELLS FARGO'S MOTION FOR ATTORNEYS' FEES [DOCKET NO. 42]**

    Defendant Wells Fargo Bank, N.A. ("Wells Fargo") filed a motion for attorneys' fees that was referred to this court for a report and recommendation. [Docket Nos. 42, 51.] The court conducted a hearing on January 23, 2014. Plaintiff's counsel did not appear. For the reasons set forth below, the court recommends that the motion be GRANTED.

## I. BACKGROUND AND PROCEDURAL HISTORY

    The factual allegations of the Complaint are summarized in the district judge's order granting Wells Fargo's motion to dismiss. *See* Docket Nos. 1, 40. Plaintiff David A. Thomas ("Plaintiff") took out a $614,000 mortgage loan from Wells Fargo's predecessor in 2008. The loan was memorialized in a promissory note secured by a deed of trust on the property located at 19500 Mount Jasper Drive, Castro Valley, California 94552 (the "Property"). A notice of default was

recorded on April 20, 2011. A notice of sale was recorded on July 13, 2011. The Property was sold at a trustee's sale on November 17, 2011, with Wells Fargo taking title as the high bidder.[1]

**A.** *Thomas I*

On August 5, 2011, Plaintiff filed a lawsuit against Wells Fargo in state court that Wells Fargo subsequently removed to federal court. *See Thomas v. Wells Fargo Bank, N.A. et al.* (*"Thomas I"*), No. 12-cv-4420-JSW (N.D. Cal. filed Sept. 6, 2011). In the complaint in *Thomas I*, Plaintiff alleged that his promissory note had been sold to "unsuspecting investors in mortgage-back securities and collateralized debt obligations," and as a result, Wells Fargo was not the lender or beneficiary of the loan and was therefore not entitled to foreclose on the Property. Plaintiff also alleged that Wells Fargo had no right to substitute the trustee, and therefore the foreclosure notices were void. *Id.*, Docket No. 1 at ¶¶ 8, 16-18, 20-21. Plaintiff sought to challenge the notice of default and the default proceedings through claims for cancellation of instruments, violation of California Civil Code § 2924 and violation of California Business and Professions Code § 17200. Plaintiff also asserted accounting claims.

On February 16, 2012, the district judge granted Wells Fargo's motion to dismiss the complaint with leave to amend, finding all claims preempted by the Home Owners Loan Act ("HOLA"). *See id.*, Docket No. 25.

On March 28, 2012, the district judge denied Plaintiff's request for a temporary restraining order and preliminary injunction to enjoin the unlawful detainer proceedings pending against him in

---

[1] *See* Request for Judicial Notice ("RJN") [Docket No. 43] Exs. A (Adjustable Rate Mortgage Note dated February 28, 2008); B (Deed of Trust dated March 12, 2008); and F (Trustee's Deed Upon Sale recorded November 30, 2011). The court grants Wells Fargo's request for judicial notice of Exhibit A because it is a copy of a document whose authenticity no party questions. The court also grants Wells Fargo's unopposed request for judicial notice of Exhibits B and F because they are true and correct copies of the official public records of the Alameda County Recorder's Office. The authenticity of each of these documents is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. *See* Fed. R. Evid. 201(b). The court overrules Plaintiff's objections to the court's taking judicial notice of these documents on the basis of relevance, as they are clearly relevant to the contract provisions upon which Wells Fargo's motion for attorneys' fees is premised. *See* Docket No. 47-1 at 2.

state court. *Id.,* Docket No. 39.[2]

On March 28, 2012, Wells Fargo moved to dismiss the first amended complaint. *Id.*, Docket No. 40. In lieu of filing an opposition, on April 11, 2012, Plaintiff filed a request for dismissal of the case without prejudice. *Id.*, Docket No. 46. The district judge entered the dismissal on May 11, 2012. *Id.*, Docket No. 48.

**B. *Thomas II***

On April 20, 2012, plaintiff filed another lawsuit in state court, which Wells Fargo removed to federal court, where it was determined to be related to *Thomas I* and reassigned to Judge White. *See Thomas v. Wells Fargo Bank, N.A. et al.* (*"Thomas II"*), No. 12-cv-2458-JSW (N.D. Cal. filed May 15, 2012). The complaint again alleged that Wells Fargo had no authority to foreclose.[3]

On September 7, 2012, the district judge granted Wells Fargo's motion to dismiss the complaint, again finding all of Plaintiff's claims preempted by HOLA. *Id.*, Docket No. 36 at 4. That order gave Plaintiff leave to amend, but noted that it would be "the **final opportunity** the Court will provide Plaintiff to allege claims which are not preempted by HOLA. If Plaintiff again voluntarily dismisses this action and files another action in state court based on the same underlying facts, the Court will count this as Plaintiff's attempt to amend his claims and will not provide Plaintiff with another opportunity after that." *Id.* at 5 (emphasis in original).

Plaintiff did not file an amended complaint, and instead voluntarily dismissed the case on October 5, 2012.

**C. *Thomas III***

On April 26, 2013, Plaintiff filed the instant complaint in state court, again challenging Wells Fargo's attempts to foreclose on the Property. On May 6, 2013, Wells Fargo removed the action to federal court, where it was assigned to Magistrate Judge Laporte. *See* Docket No. 1. This third

---

[2] The day after the district judge denied Plaintiff's motion for a temporary restraining order and preliminary injunction, Plaintiff removed Wells Fargo's unlawful detainer proceedings to federal court. *See Wells Fargo Bank, N.A. v. Thomas*, No. 12-cv-1569-JSW (N.D. Cal. filed March 29, 2012). On July 3, 2012, Judge White remanded the unlawful detainer proceedings on the basis that removal was untimely and that the court lacked subject matter jurisdiction over the matter. *Id.*, Docket No. 15 at 2-3.

[3] Judge White noted that "the substance of Plaintiff's allegations in [*Thomas II*] remain the same as those in [*Thomas I*]." *Thomas II*, Docket No. 35 at 2.

3

lawsuit alleged that the documents relating to the assignments of the deed of trust and the substitution of trustee were false and fraudulent, and that therefore, Wells Fargo did not have the authority to foreclose on Plaintiff's property.

On May 9, 2013, Wells Fargo filed a motion to relate this case to the earlier cases. [Docket No. 51.] During the pendency of the motion to relate, on May 10, 2013, Wells Fargo made an ex parte application for an order shortening time for notice for the hearing on its motion to expunge a lis pendens Plaintiff had recorded against the Property. On May 14, 2013, Magistrate Judge Laporte granted the ex parte application and set an expedited hearing date. Plaintiff declined magistrate consent and the matter eventually was reassigned to Judge White when it was found to be related to the earlier actions. Wells Fargo then filed a motion to dismiss. *See* Docket No. 24.

On September 23, 2013, Judge White dismissed the complaint, holding that Plaintiff's prior voluntary dismissals operated as an adjudication on the merits under Federal Rule of Civil Procedure 41(a)(1)(B). *See* Docket No. 40. The judge found an additional, independent reason for dismissing the complaint this action: Plaintiff's allegation that the deed of trust was never properly assigned did not state a claim, because, according to judicially noticeable documents, Wells Fargo was the predecessor-in-interest to the originator of Plaintiff's mortgage and therefore no assignment was required. *Id.* Judge White also granted Wells Fargo's motion to expunge the lis pendens and awarded Wells Fargo attorneys' fees and costs in bringing the motion to expunge.

Wells Fargo now seeks attorneys' fees and costs incurred in defending this action, less the fees incurred in bringing its motion to expunge the lis pendens, which have already been awarded. Wells Fargo has not sought attorneys' fees in any of the other cases related to this one.

## II. LEGAL STANDARDS

The court applies California state law regarding attorneys' fees in this diversity case. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 259 n.31 (1975); *Sunnyside Dev. Co., LLC v. Opsys Ltd.*, No. 05-cv-0553 MHP, 2007 WL 2462141, at *1 (N.D. Cal. 2007) (citing *Farmers Ins. Exch. v. Law Offices of Conrado Joe Sayas, Jr.*, 250 F.3d 1234, 1236 (9th Cir. 2001)). "'Unless authorized by either statute or agreement, attorney's fees ordinarily are not recoverable'" in California. *Id.* (quoting *Reynolds Metals Co. v. Alperson*, 25 Cal. 3d 124, 127 (1979)).

California Civil Code section 1717(a) governs contractual fee provisions:

> In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not shall be entitled to reasonable attorney's fees in addition to other costs.

The starting point for determining reasonable attorneys' fees is the "lodestar," which is calculated by multiplying the number of hours reasonably expended on litigation by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). In determining a reasonable amount of hours, the court must review time records to decide whether the hours claimed by the applicant are adequately documented and whether any of the hours were unnecessary, duplicative or excessive. *Chambers v. City of L.A.*, 796 F.2d 1205, 1210 (9th Cir. 1986), *reh'g denied*, *amended on other grounds*, 808 F.2d 1373 (9th Cir. 1987). To determine reasonable hourly rates, the court must look to the prevailing rate in the community for similar work performed by attorneys of comparable skill, experience, and reputation. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008).

There is a strong presumption that the lodestar figure represents a reasonable fee. *See Prison Legal News v. Schwarzenegger*, 561 F. Supp. 2d 1095, 1100 (N.D. Cal. 2008) (citing *Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1262 (9th Cir. 1987)). However, the court may adjust the award from the lodestar figure upon consideration of additional factors, not already subsumed within the initial lodestar calculation, that may bear upon reasonableness. *Id.* (citing *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975)). The court may, for example, reduce an award for attorneys' fees for unnecessarily duplicative work, if the court provides "a clear explanation" as to why those hours were truly unnecessary. *Mendez v. Cnty. of San Bernandino*, 540 F.3d 1109, 1130 (9th Cir. 2008) (citing *Moreno v. City of Sacramento*, 534 F.3d 1106, 1113 (9th Cir. 2008)). Further, the court must consider the results obtained by the prevailing party or the extent of his success. *Id.* (citing *Morales v. City of San Rafael*, 96 F.3d 359, 364 (9th Cir. 1996)).

Parties may also seek reasonable attorneys' fees for work performed on the application for attorneys' fees and costs ("fees on fees"). *Anderson v. Dir., Office of Workers Comp. Programs*, 91 F.3d 1322, 1325 (9th Cir. 1996); *Bernardi v. Yeutter*, 951 F.2d 971, 976 (9th Cir. 1991).

## III. ANALYSIS

### A. Contractual Fee Provisions

Wells Fargo argues that as the prevailing party, it is entitled to recover attorneys' fees as expressly provided in its contract with Plaintiff, pursuant to California Civil Code section 1717. *See also* Cal. Civ. Proc. Code § 1021 (providing that "[e]xcept as attorney's fees are specifically provided by statute, the measure and mode of compensation of attorneys . . . is left to the agreement, express or implied, of the parties"). The deed of trust and promissory note that Plaintiff signed on February 28, 2008 contain fee provisions. Paragraph 7(E) of the note provides:

> **(E) Payment of Lender's Costs and Expenses**
> The lender will have the right to be paid back by me for all of its costs and expenses in enforcing the Note to the extent not prohibited by applicable law. Those expenses may include, for example, reasonable attorneys' fees and court costs.

RJN, Ex. A at 4. The deed of trust contains an attorneys' fee provision at paragraph 7 of the Covenants section:

> **7. LENDER'S RIGHT TO PROTECT ITS RIGHTS IN THE PROPERTY**
> If: (A) I do not keep my promises and agreements made in this Security Instrument, or (B) someone, including me, begins a legal proceeding that may significantly affect Lender's rights in the Property (such as a legal proceeding in bankruptcy, in probate, for condemnation or to enforce laws or regulations), then Lender may do and pay for whatever it deems reasonable or appropriate to protect the Lender's rights in the Property. Lender's actions may, without limitation, include appearing in court, paying reasonable attorneys' fees, . . .
> I will pay to Lender any amounts which Lender advances under this Paragraph 7 with interest, at the interest rate in effect under the Secured Notes . . . .

RJN, Ex. B at 7.

Plaintiff argues that the fee provisions do not entitle Wells Fargo to an award of fees in this case for several reasons. First, Plaintiff argues that the fee provisions are ambiguous. However, under their plain meaning, the fee provisions apply to the fees incurred by Wells Fargo in defending its rights in the note and in the property against Plaintiff's lawsuit, because the suit is "a legal proceeding that may significantly affect Lender's rights in the Property (such as a legal proceeding in bankruptcy, in probate, for condemnation or to enforce laws or regulations)" initiated by the debtor. *See* RJN, Ex. B at 7. Plaintiff alleged that Wells Fargo was not legally entitled to initiate or

6

complete foreclosure proceedings because it did not have a lawful ownership or security interest in the note or deed of trust. Plaintiff's action therefore challenged the underlying validity of the mortgage obligation, and Wells Fargo's defense of this case was undertaken to protect its "rights in the Property" pursuant to paragraph 7 of the deed of trust and to enforce the note pursuant to paragraph 7(E) of the note. *See Coppes v. Wachovia Mortg. Corp.*, No. 10-cv-01689-GEB-DAD, 2011 WL 4852259, at *2 (E.D. Cal. Oct. 12, 2011) (citing *Siligo v. Catellucci*, 21 Cal. App. 4th 873, 878 (1994)).

Second, Plaintiff argues that Section 1717 does not apply to this action because he did not specifically allege a breach of contract claim. However, Section 1717 authorizes recovery of attorneys' fees for "any action on a contract," and does not require that the plaintiff specifically allege a breach of contract claim. Courts have routinely held that Section 1717 authorizes the recovery of attorneys' fees where, as here, the plaintiff's claims directly relate to a contracting party's attempts to enforce a contract. *See Sato v. Wachovia Mortgage, FSB*, No. 11-CV-810 EJD, 2013 WL 61103 at *2 (N.D. Cal. Jan. 3, 2013) ("To the extent Plaintiff contends the lawsuit was not 'on the contract,' she ignores the liberal interpretation that is applied in making that determination, as well as the allegations contained in the two complaints she filed in this action, each of which sought to either enforce or rescind the Deed of Trust," for example by alleging that the defendants "failed to properly assign and transfer their respective rights under the Deed of Trust"); *Nguyen v. Wells Fargo Bank, N.A.*, 2011 WL 9322, at *3 (N.D. Cal. Jan. 3, 2011) (construing same attorneys' fees provision at issue here, and holding that all of the plaintiff's claims, including his fraud and other non-contract claims, are "inextricably intertwined with the contract claim and fees need not be apportioned claim by claim" because all of the plaintiff's claims directly relate to Wells Fargo's enforcement of the note through foreclosure); *Siligo*, 21 Cal. App. 4th at 878 ("California law is settled that an obligation to pay attorney fees incurred in the enforcement of a contract includes attorneys' fees incurred in defending against a challenge to the underlying validity of the obligation.") (citation omitted).

Third, Plaintiff contends that there is no prevailing party in this matter, since the district judge ruled that his claims were barred under Rule 41. California Civil Code section 1717(b)(1)

requires the court to "determine who is the party prevailing on the contract for purposes of this section, whether or not the suit proceeds to final judgment," and defines the party prevailing on the contract as "the party who recovered a greater relief in the action on the contract." The court may also determine that there is *no* party prevailing on the contract. *Id.* California Code of Civil Procedure § 1032 defines a "prevailing party" as, inter alia, "a defendant in whose favor a dismissal is entered." Wells Fargo successfully defended the contracts at issue and Plaintiff recovered nothing by way of his suit. The district judge entered dismissal in favor of Wells Fargo by granting its motion to dismiss the complaint in its entirety. *See* Docket No. 41. Even assuming arguendo that the district judge's dismissal of the complaint under Rule 41 was insufficient to qualify Wells Fargo as the "prevailing party," Plaintiff's argument overlooks the fact that the district judge found an additional, independent reason for dismissing his complaint: judicially noticeable documents undermined Plaintiff's allegation that the deed of trust was improperly assigned, so Plaintiff's complaint failed to state a claim. The court therefore finds that Wells Fargo is the prevailing party in this action and is thus entitled to attorneys' fees as expressly provided in the note and deed of trust. This decision is consistent with other courts' analysis of identical fee provisions. *See Coppes*, 2011 WL 4852259 at *2-3 (E.D. Cal. Oct. 12, 2011) (awarding $13,071.50 in fees to prevailing defendant where court granted defendant bank's motion to dismiss); *Smith v. World Sav. & Loan Ass'n.*, No. 10-cv-2855 JAM-JFM, 2011 WL 1833088, at *2 (E.D. Cal. May 12, 2011) (awarding fees where court granted defendant's motion to dismiss).

Finally, Plaintiff argues that the attorneys' fees provision in the deed of trust is unenforceable as a contract of adhesion. Under California law, a contract of adhesion is "a standardized contract, which, imposed and drafted by the party of superior bargaining and strength, relegates to the subscribing party only the opportunity to adhere to the contract or reject it." *Armendariz v. Foundation Health Psychcare Services, Inc.,* 24 Cal. 4th 83, 113 (2000). Plaintiff notes that the deed of trust "is printed on a form prepared by Wells Fargo," and "Plaintiff had to agree to this one-sided, onerous covenant in order to obtain a mortgage." Opp. at 5. However, to "describe a contract as adhesive in character is not to indicate its legal effect . . .; a contract of adhesion is fully enforceable according to its terms unless certain other factors are present." *Graham v. Scissor–Tail,*

1 *Inc.,* 28 Cal. 3d 807, 819-20 (1981).  Simply alleging an adhesive contract is insufficient to show
2 unconscionability, which could render a provision or contract unenforceable.  *Camillo v.*
3 *Washington Mut. Bank, F.A.*, No. 09-cv-1548-AWI-SMS, 2009 WL 3614793, at *7 (E.D. Cal. Oct.
4 27, 2009) (citing *Graham*, 28 Cal. 3 at 819).  "Unconscionability has both a 'procedural' and a
5 'substantive' element," the former focusing on 'oppression' or 'surprise' due to unequal bargaining
6 power, the latter on 'overly harsh' or 'one-sided' results."  *Armendariz*, 24 Cal. 4th at 114 (citations
7 omitted).  "The prevailing view is that [procedural and substantive unconscionability] must both be
8 present in order for a court to exercise its discretion to refuse to enforce a contract or clause under
9 the doctrine of unconscionability."  *Id.*  Even assuming that the deed of trust is a contract of
10 adhesion rising to the level of procedural unconscionability, Plaintiff has not shown that the fee
11 provision is overly harsh or one-sided, especially when, by operation of Section 1717, both Wells
12 Fargo and Plaintiff could be entitled to attorneys' fees if determined to be the prevailing party.
13       The court therefore recommends a finding that the fee provisions and Section 1717 authorize
14 Wells Fargo to request attorneys' fees in this action.

15 **B.     Reasonable Attorneys' Fees**

16       Wells Fargo avers that it incurred gross attorneys' fees exceeding $19,000, but seeks an
17 award of $7,800 for work performed from May 2013 through September 2013, which represents the
18 capped amount that counsel agreed to accept from Wells Fargo for its services in defending the
19 lawsuit.  Wells Fargo seeks an additional $1,600 for fees incurred in bringing this motion, for a total
20 requested award of $9,400.
21       Wells Fargo submitted detailed time records to support its fee request.  *See* Curren Decl.
22 [Docket No. 42-1] Ex. 1.  The invoices for the months during which this case was litigated through
23 the date of the entry of judgment (May 2013 through September 2013) show that Wells Fargo's
24 counsel billed the following hours and rates: (1) Leigh Curren, an attorney with sixteen years of
25 experience; approximately 36 hours at $320 per hour; (2) Emily Martinez, a paralegal;
26 approximately 9.8 hours at $155 per hour; (3) Gabriel Hernandez, a paralegal; approximately .2
27 hours at $155 per hour; and (4) Sandra Dries, a paralegal; approximately 1.2 hours at $135 per hour.
28 Curren Decl., Ex. 1.  The invoices show that these bills total $13,072, or the gross fees of $19,572

less $2,728.50 incurred in connection with the motion to expunge and $3.771.50 incurred in preparing a motion for sanctions against Plaintiff that was not ultimately filed.

### 1. Reasonable Hourly Rate

Defendant's counsel seeks rates varying from $135-$155 for paralegal support and $320 for its attorney. Plaintiff did not object to the reasonableness of the hourly rates, and this court previously has assessed these rates and found them to be reasonable and consistent with the market rate for similar litigation within this district. *See Christiansen v. Wells Fargo Bank NA*, No. 12-cv-02526-DMR, 2013 WL 1832644, at *5 (N.D. Cal. May 1, 2013); *Sami v. Wells Fargo Bank*, No. 12-cv-108-DMR, 2012 WL 967051, at *6 (N.D. Cal. Mar. 21, 2012).

### 2. Reasonableness of Time Spent

The time spent by counsel litigating this action through the September 24, 2013 entry of judgment included: reviewing and analyzing the complaint and attachments; removing the case; relating the case to earlier actions; preparing and filing briefs and an ex parte application to shorten time on the motion to expunge the lis pendens; preparing and filing briefs on the motion to dismiss; attending court hearings; and communicating with client and opposing counsel. The court finds that performance of these tasks was necessary for the defense of this action. The time spent on compensable work is adequately documented, and does not appear to be unnecessary, duplicative, or excessive. The court notes that after Wells Fargo removed this action to federal court, the parties litigated several motions before this court.

The court also finds that the overall number of hours spent by each of the timekeepers in this matter is reasonable through the date of the entry of judgment. In light of the actual time spent ($19,572 through September 2013) as well as the rates and tasks at issue, the reduced fee amount of $7,800 is reasonable.

The court also finds that the requested award of $1,600 for the time spent on the fee motion is reasonable. Wells Fargo's counsel seeks payment for three hours preparing the motion and supporting papers, one hour reviewing the opposition and drafting a reply brief, and one hour appearing at a hearing on the motion. For these five hours, at Ms. Curren's billing rate of $320/hour, Wells Fargo requests attorneys' fees of $1,600.

10

Therefore, the court recommends that Wells Fargo be awarded a total of $9,400, representing $7,800 for fees incurred through the date of entry of judgment and $1,600 for fees incurred on the fee motion.

## IV. CONCLUSION

For the foregoing reasons, the court recommends that Wells Fargo's motion for an award of attorneys' fees be **GRANTED**, and that Wells Fargo be awarded attorneys' fees in the amount of **$9400**.

Any party may file objections to this report and recommendation with the District Judge within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a); N.D. Cal. Civ. L.R. 72-2.

IT IS SO ORDERED.

Dated: January 29, 2014

DONNA M. RYU
United States Magistrate Judge